FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 14 2009 ★

BROOKLYN OFFICE


ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

CARL A. SMITH,

                      Plaintiff,

                      **COMPLAINT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER CHRIS
J. MADISON, JOHN DOES 1-3,

                      Jury Trial Demanded

                      Defendants.

09 3537

COGAN, J.

-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.     This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on December 6, 2008, New York City Police Officers, acting in concert, arrested him without cause, conveyed false allegations about him to the Kings County District Attorney's Office, and maliciously prosecuted him in violation of the Fourth and Sixth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claim of malicious prosecution.

4. A notice of claim was duly filed with the City of New York within 30 days of the dismissal of the criminal case against plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claim.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Kings.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Chris J. Madison and John Does 1-3 are New York City Police Officers. Upon information and belief, the officers are assigned to the anti-crime unit of the 70th Precinct. These officers were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9. On December 6, 2008, plaintiff was inside 1212 Flatbush Avenue, Brooklyn, New York, visiting a friend.

10. At all relevant times, plaintiff was obeying the law and had no knowledge of criminal activity taking place inside the residence.

11. While inside the residence, plaintiff played dominoes, surfed the internet, and ate Chinese food.

2

12. At approximately 2:00 a.m., while plaintiff was in the kitchen, Officer Chris J. Madison and approximately three other police officers entered the home and, acting in concert, arrested plaintiff and several other individuals who were in the home.

13. Officer Madison was the officer who physically arrested plaintiff.

14. Approximately 45 minutes after plaintiff was arrested, officers put plaintiff and the others into a van and took them to the 70th Precinct.

15. Plaintiff was placed in a cell inside the 70th Precinct.

16. While plaintiff was incarcerated in the precinct, Officer Madison, in accordance with a conspiracy with the other arresting officers, prepared police reports which falsely stated that plaintiff was found in possession of a controlled substance, a weapon and pistol ammunition.

17. According to police reports, the contraband was found in a bedroom inside 1212 Flatbush Avenue.

18. While plaintiff was in the home, he never entered the bedroom where contraband was allegedly recovered and he had no knowledge of the existence of any contraband in the home.

19. While plaintiff was in the home, no illegal contraband was in plain view.

20. In the evening of December 6, 2008, plaintiff was taken to Brooklyn Central Booking.

21. During the time that plaintiff was held in Brooklyn Central Booking, he was housed in three cells, all of which were severely overcrowded, filled with garbage and bodily fluids, infested with insects and rodents, and lacking bedding and adequate toilet facilities.

3

22. While plaintiff was incarcerated in Brooklyn Central Booking, Officer Madison, in accordance with a conspiracy with the other arresting officers, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a controlled substance, a weapon and pistol ammunition.

23. As a result of the misrepresentation, felony and misdemeanor charges were filed against plaintiff

24. In the evening of December 8, 2008, plaintiff was arraigned in New York City Criminal Court, Kings County.

25. The presiding judge released plaintiff on his own recognizance.

26. Plaintiff went to court several times after his arraignment.

27. While the case was pending, plaintiff feared that he was going to go to prison as a result of the false charges.

28. At a court appearance on June 26, 2009, prosecutors dismissed the criminal charges.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, and humiliation.

## FIRST CLAIM

### (FALSE ARREST)

30. Plaintiff repeats the foregoing allegations.

31. Because Officer Madison and the other officers, acting in concert, arrested plaintiff without probable cause, as described herein, defendants are liable under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (FABRICATION OF EVIDENCE)

32. Plaintiff repeats the foregoing allegations.

33. Because Officer Madison, pursuant to a conspiracy with the other arresting officers, conveyed false information to prosecutors in an effort to have plaintiff prosecuted, defendants are liable under the Sixth Amendment for fabrication of evidence.

## THIRD CLAIM

## (MALICIOUS PROSECUTION)

34. Plaintiff repeats the foregoing allegations.

35. Because Officer Madison, with malice, and pursuant to a conspiracy with the other arresting officers, commenced false criminal charges against plaintiff which were later dismissed, defendants are liable under the Fourth Amendment and state law for malicious prosecution.

## FOURTH CLAIM

## (MONELL V. DEPT. OF SOCIAL SERVICES)

36. Plaintiff repeats the foregoing allegations.

37. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

39. In fact, Officer Madison was charged with violating the civil rights of two citizens in the case of <u>Kalimooto and Sawh v. City of New York and Officer Chris Madison</u>, 07

5

CV 05283 (E.D.N.Y.). The City of New York settled with both plaintiffs in September 2008, several months before Officer Madison violated the rights of the plaintiff in this case.

40. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

41. The City failed to properly train, retrain, supervise, discipline, and monitor Madison and the other officers and improperly retained and utilized them.

42. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

43. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth and Sixth Amendments.

## SIXTH CLAIM

### (RESPONDEAT SUPERIOR)

44. Plaintiff repeats the foregoing allegations.

45. Officer Madison and the other arresting officers were acting within the scope of their employment as New York City Police Officers when they arrested plaintiff and played a role in the filing of criminal charges against plaintiff.

46. Accordingly, the City of New York is vicariously liable under state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

   d.  Such other and further relief as this Court may deem just and proper.

DATED:  August 10, 2009
       Brooklyn, New York

                       _____
                        RICHARD J. CARDINALE
                        Attorney at Law
                        26 Court Street, Suite 1815
                        Brooklyn, New York 11242
                        (718) 624-9391